Argued Feb. 2, decided April 13, 1909; rehearing denied May 17, 1910.

## GREEN v. WARNER VALLEY STOCK CO.

[101 Pac. 189.]

From Lake:    HENRY L. BENSON, Judge.

Statement by MR. JUSTICE SLATER.

Plaintiff John H. Green filed his cross-bill in equity to an action of ejectment, brought by the defendant, the Warner Valley Stock Company, to recover the possession of the S. ½ of the N. E. ¼, the S. E. ¼ of the N. W. ¼, and lot 2 of section 19, township 39 S., range 25 E., W. M., situate in Lake County, Oregon. For the purpose of trial in this court this case, by agreement of the parties, was consolidated with the case of *Morrow* v. *Warner Valley Stock Co.*, 56 Or. 312 (101 Pac. 171), which is of the same character, and was tried upon the printed abstract and briefs filed therein, setting forth the pleadings and facts of that case, which were to be taken and considered as substantially the same as in this case, excepting as to the description of the land, the date of settlement, and entry thereof at the Lakeview land office, and the nature of the entry, which, as respects this case, will be stated in the opinion. The decree awarded the land to the defendant, and dismissed the bill for want of equity, from which plaintiff appealed.    REVERSED.

For appellants there was a brief over the names of *Mr. Andrew M. Crawford, Mr. John H. Hall* and *Mr. Edward B. Watson,* with oral arguments by *Mr. Crawford* and *Mr. Watson.*

For respondents there was a brief over the names of *Messrs. Coovert & Stapleton* and *Mr. Charles A. Cogswell,* with an oral argument by *Mr. Elmer E. Coovert.*

MR. JUSTICE SLATER delivered the opinion of the court.

Plaintiff settled upon the land in July, 1888, entered the same as a homestead at the Lakeview land office on

August 5, 1889, and has ever since continuously resided on and cultivated the land, but, his entry having been canceled as the result of the decision of March 16, 1903, in the case of *Morrow* v. *State of Oregon,* 32 Land Dec. Dept. Int. 54, he has been prevented from making final proof by the claim of the State that the land was swamp land.

The legal principles announced and the conclusions reached by us in the case of *Morrow* v. *Warner Valley Stock Co.,* 56 Or. 312 (101 Pac. 171), are conclusive here. Therefore the decree of the lower court will be reversed, and one entered here adjudging plaintiff to be the owner of the equitable title to the land described, that defendant holds the legal title thereto subject to plaintiff's equity, and that it be required to convey the same to plaintiff by proper deed, executed by its officers, within 90 days from the date of the filing of the mandate in the court below, and that, in default thereof, the decree shall stand as and for a conveyance.

Further prosecution by the defendant of his action in ejectment is perpetually enjoined.       REVERSED.